1

**BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
  Norman B. Blumenthal (State Bar #068687)

2
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)

3
2255 Calle Clara
La Jolla, CA 92037

4
Telephone: (858)551-1223
Facsimile: (858) 551-1232

5
Website: www.bamlawca.com
Attorneys for Plaintiff - Additional Counsel Listed on Signature Page

6

**UNITED STATES DISTRICT COURT**

7

**CENTRAL DISTRICT OF CALIFORNIA**

8

9
TOMAS ALCALA, an individual, on
behalf of himself, and on behalf of all
persons similarly situated,

10

11
                    Plaintiff,

12
vs.

13
MEYER LOGISTICS, INC., a
Corporation,

14

15
                    Defendant.

16

Case No.  2:17-cv-07211

**CLASS ACTION COMPLAINT FOR:**
1.  VIOLATION OF THE FAIR CREDIT
REPORTING ACT FOR FAILURE TO
MAKE PROPER DISCLOSURES [15
U.S.C. § 1681, *et seq.*];
2.  VIOLATION OF THE FAIR CREDIT
REPORTING ACT FOR FAILURE TO
OBTAIN PROPER AUTHORIZATION
[15 U.S.C. § 1681, *et seq.*];
3.  UNFAIR COMPETITION IN
VIOLATION OF CAL. BUS. & PROF.
CODE §§ 17200, *et seq.*;
4.  FAILURE TO PROVIDE REQUIRED
MEAL PERIODS IN VIOLATION OF
CAL. LAB. CODE §§ 226.7 & 512 AND
THE APPLICABLE IWC WAGE ORDER;
5.  FAILURE TO PROVIDE REQUIRED
REST PERIODS IN VIOLATION OF
CAL. LAB. CODE §§ 226.7 & 512 AND
THE APPLICABLE IWC WAGE ORDER;
6.  FAILURE TO PAY MINIMUM
WAGES IN VIOLATION OF CAL. LAB.
CODE §§ 1194, 1197 & 1197.1;
7.  FAILURE TO PAY OVERTIME
WAGES IN VIOLATION OF CAL. LAB.
CODE §§ 510, *et seq*;
8.  FAILURE TO PROVIDE ACCURATE
ITEMIZED STATEMENTS IN
VIOLATION OF CAL. LAB. CODE §
226.;
9.  FAILURE TO REIMBURSE
EMPLOYEES FOR REQUIRED
EXPENSES IN VIOLATION OF
CAL. LAB. CODE § 2802; and,
10. FAILURE TO PROVIDE WAGES
WHEN DUE IN VIOLATION OF CAL.
LABOR CODE §§ 201, 202 AND 203.
**DEMAND FOR A JURY TRIAL**

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Tomas Alcala ("PLAINTIFF"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

## THE PARTIES

1.     Defendant Meyer Logistics, Inc. ("DEFENDANT") is a corporation that at all relevant times relevant mentioned herein conducted and continues to conduct substantial business in the state of California.

2.     DEFENDANT provides logistics services. The Company offers transportation, warehousing, and inventory management services.

3.     PLAINTIFF worked for DEFENDANT in California as a non-exempt Truck Driver from April of 2016 to June of 2017.  At all times during his employment with DEFENDANT, PLAINTIFF was classified as a non-exempt employee paid and entitled to meal and rest periods.  In connection with his employment application, PLAINTIFF completed DEFENDANT's standard application materials.  Among other things, these application materials included a background investigation disclosure and consent form.  To date, and as described below, DEFENDANT has not fully paid PLAINTIFF the compensation still owed to him or any penalty wages owed to him under Cal. Lab. Code § 203.

4.     During the employment application process PLAINTIFF executed the background check disclosure and authorization form permitting DEFENDANT to have a third-party obtain a consumer report, which form included, among other things, a liability release provision.

5.     PLAINTIFF brings this Class Action on behalf of himself and a nationwide class, defined as all employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form that included a liability release clause (the "FCRA CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "FCRA CLASS PERIOD").

6.     PLAINTIFF also brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT as Truck Drivers in California (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date of the filing of this Complaint (the "CALIFORNIA CLASS PERIOD").

7.     PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to lawfully compensate these employees for all wages due to them, including overtime wages and their missed meal and rest periods.  DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

## THE CONDUCT

8.     The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. ("FCRA") provides individuals with a number of rights. Specifically, pertaining to employment-related background checks, the FCRA provides that a prospective employee must give valid consent to the background check.  The FCRA requires a signed authorization and disclosure from the applicant, sometimes referred to as a "consent" form.  The authorization and disclosure form must be executed and signed by the applicant prior to an employer requesting or conducting a background check.  Importantly, no extraneous information can be attached or included on the consent form. *The authorization and disclosure must stand alone*.

9.    In violation of 15 U.S.C. § 1681b(b)(2)(A)(I), DEFENDANT has unlawfully inserted a liability release provision into forms purporting to grant DEFENDANT and its third-party background checking company the authority to obtain and use consumer report information for employment purposes.  The FCRA prohibits this practice and requires that forms granting the authority to access and use consumer report information for employment purposes be stand alone forms, and not include any additional information or agreements. DEFENDANT's decision to include liability release provisions in its authorization forms is contrary to the plain language of the statute and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

10.    In violation of 15 U.S.C. § 1681b(b)(2)(A)(ii) DEFENDANT has obtained consumer reports without proper authorization because the authorization and disclosure form signed by PLAINTIFF and other FCRA CLASS Members failed to comply with the requirements of the FCRA.  The inclusion of the liability release clause in DEFENDANT's authorization forms invalidates the purported consent and also triggers statutory damages under the FCRA in the amount of up to $1,000 for each applicant that DEFENDANT obtained a consumer report without a facially valid authorization, as well as punitive damages, equitable relief, and attorneys' fees and costs.

11.    State law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

12.    The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT.  The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT.  However, when calculating the regular rate

of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT

13.    Additionally, Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT consistently required PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANT's control. As a result, the PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and overtime compensation by regularly working without their time being accurately recorded and without compensation at the applicable overtime rates. DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked is evidenced by DEFENDANT's business records

14.    As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take thirty (30) minute off duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and other CALIFORNIA CLASS Members were required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving a meal break as evidenced by daily time reports for these employees. Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS Members with a second off-duty meal period from time to time in which these employees were required by DEFENDANT to work ten (10) hours

of work.    Specifically, DEFENDANT's employees would assign PLAINTIFF and CALIFORNIA CLASS Members loads and route directions for their assigned loads and also told these employees a time when the delivery should be completed.  PLAINTIFF and other CALIFORNIA CLASS Members often had no choice (due to pick up and delivery obligations) but to forego their meal and rest breaks in order to make sure that their deliveries for DEFENDANT were within DEFENDANT's required time frames.  DEFENDANT was aware that PLAINTIFF and other CALIFORNIA CLASS Members did not take their meal and rest periods because of the workload and time constraints imposed upon them by DEFENDANT but DEFENDANT refused to remit premium payments to these employees for their missed meal and rest breaks.    As a result, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required meal breaks is evidenced by DEFENDANT's business.  PLAINTIFF and other members of the CALIFORNIA CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

15.    During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.    PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers. In addition, DEFENDANT failed to provide all the legally required paid, off-duty rest periods to PLAINTIFF and the other CALIFORNIA CLASS Members when they were paid by piece rate delivering loads for DEFENDANT as required by the applicable

Wage Order and Labor Code. DEFENDANT did not have a policy or practice which provided or recorded all the legally required paid, off-duty rest periods to PLAINTIFF and the other CALIFORNIA CLASS Members. As a result, DEFENDANT's failure to provide the PLAINTIFF and the CALIFORNIA CLASS Members with all the legally required paid rest periods is evidenced by DEFENDANT's business records.

16. PLAINTIFF sought employment with DEFENDANT in April of 2016. In connection with his employment application, PLAINTIFF completed DEFENDANT's standard application materials. These application materials included a background check disclosure and authorization form and included on the form was extraneous information, including but not limited to, a liability release clause releasing DEFENDANT and its third-party it contracted with from all liability stemming from the conducting of a background check on PLAINTIFF. Following his submission of the employment application materials DEFENDANT's third party conducted a background check on PLAINTIFF and PLAINTIFF was hired to work for DEFENDANT.

17. The background check disclosure and authorization form disclosed that DEFENDANT intended to conduct a background investigation on the applicant that would involve investigating the applicant's work record, references and education. In addition, the form also contained a liability release provision.

18. The inclusion of this liability release provision in the background check disclosure and authorization form violates the FCRA, 15 U.S.C. § 1681, *et seq*.

19. Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

(i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, ***in a document that consists solely of the disclosure***, that a consumer report may be obtained for employment purposes; and

(ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause(I)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(I)-(ii) (emphasis added).

20. After PLAINTIFF executed the background check disclosure and authorization

form in April of 2016, DEFENDANT obtained a consumer report on the PLAINTIFF notwithstanding the fact that the background check disclosure and authorization form was invalid under the requirements of the FCRA.

21.    Although the disclosure required by clause (i) and the authorization required by clause (ii) may be combined in a single document, the FTC has warned that the form should not include any extraneous information.  Further, the FTC has also specifically warned that "[t]he inclusion of such a waiver in a disclosure form will violate Section 604(b)(2)(A) of the FCRA [15 U.S.C. §§ 1681b(b)(2)(A)], which requires that a disclosure consist 'solely' of the disclosure that a consumer report may be obtained for employment purposes."

22.    By including a liability release clause in its background check disclosure and authorization form, DEFENDANT willfully disregarded the FTC's regulatory guidance and violated 15 U.S.C. §§ 1681b(b)(2)(A).

23.    DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically failed to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

24.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, were required by DEFENDANT to use their own personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but were not reimbursed or indemnified by DEFENDANT for the cost associated with the use of their personal cellular phones for DEFENDANT's benefit.

Specifically, PLAINTIFF and other CALIFORNIA CLASS Members would have to communicate via their personal cell phones with DEFENDANT's dispatchers and DEFENDANT's customers regarding delivery and pickup obligations among other things. As a result, in the course of their employment with DEFENDANT the PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which included, but were not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.

25. When PLAINTIFF and other CALIFORNIA CLASS Members were not compensated for all their time worked and their missed meal and rest breaks, DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. As a result, DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violate Cal. Lab. Code § 226. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.*

26. By reason of this uniform conduct applicable to PLAINTIFF and CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately record and pay for all time worked and missed meal and rest breaks by PLAINTIFF and other CALIFORNIA CLASS Members. The proper payment for all time worked and premiums for missed meal and rest breaks is the DEFENDANT's burden.

## THE FCRA CLASS ALLEGATIONS

27. PLAINTIFF brings the First and Second Cause of Action pursuant to Fed. R. Civ.

Proc. 23(b)(2) and/or (3), on behalf of a nationwide Class, defined as all employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form that included a liability release clause (the "FCRA CLASS") at any time during the period beginning five (5) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "FCRA CLASS PERIOD").

28.     To the extent equitable tolling operates to toll claims by the FCRA CLASS against DEFENDANT, the FCRA CLASS PERIOD should be adjusted accordingly.

29.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*., intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT uniformly, unfairly, unlawfully, and deceptively instituted a practice of obtaining consumer reports without valid authorization to do so.

30.     The FCRA CLASS is so numerous that joinder of all FCRA CLASS Members is impracticable.

31.     DEFENDANT uniformly violated the rights of the FCRA CLASS by:

(a)     Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*., by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained credit reports on prospective employees without first obtaining valid authorization consent forms.

32.     Common questions of law and fact exist as to members of the FCRA CLASS, including, but not limited, to the following:

(a)     Whether DEFENDANT required the FCRA CLASS Members to sign a background check disclosure and authorization form;

(b)     Whether DEFENDANT's background check disclosure and authorization form complies with the Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq*. ("FCRA");

(c)     Whether DEFENDANT violated the FCRA by including a liability

|   |   |
|---|---|
| 1 | release in its background check disclosure and authorization form; |
| 2 | (d) Whether DEFENDANT violated the FCRA by procuring consumer |
| 3 | report information based on invalid authorizations; |
| 4 | (e) Whether DEFENDANT's violations of the FCRA were willful; |
| 5 | (f) The proper measure of statutory damages and punitive damages; and, |
| 6 | (g) The proper form of injunctive and declaratory relief. |

7  33.   This Class Action meets the statutory prerequisites for the maintenance of
8  a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

9   (a) The persons who comprise the FCRA CLASS are so numerous that
10  the joinder of all such persons is impracticable and the disposition of
11  their claims as a class will benefit the parties and the Court;

12  (b) Nearly all factual, legal, statutory, and declaratory relief issues that
13  are raised in this Complaint are common to the FCRA CLASS will
14  apply uniformly to every member of the FCRA CLASS;

15  (c) The claims of the representative PLAINTIFF are typical of the
16  claims of each member of the FCRA CLASS. PLAINTIFF, like all
17  the other members of the FCRA CLASS, had a credit report obtained
18  on his behalf by DEFENDANT prior to obtaining valid authorization
19  to do so in violation of the FCRA as described herein. PLAINTIFF
20  and the members of the FCRA CLASS were and are similarly or
21  identically harmed by the same unlawful, deceptive, unfair and
22  pervasive pattern of misconduct engaged in by DEFENDANT; and,

23  (d) The representative PLAINTIFF will fairly and adequately represent
24  and protect the interest of the FCRA CLASS, and has retained
25  counsel who are competent and experienced in Class Action
26  litigation. There are no material conflicts between the claims of the
27  representative PLAINTIFF and the members of the FCRA CLASS
28  that would make class certification inappropriate. Counsel for the

1    FCRA CLASS will vigorously assert the claims of all employees in

2    the FCRA CLASS.

3    34.    In addition to meeting the statutory prerequisites to a Class Action, this

4    Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2)

5    and/or (3), in that:

6    (a)    Without class certification and determination of declaratory,

7    statutory and other legal questions within the class format,

8    prosecution of separate actions by individual members of the FCRA

9    CLASS will create the risk of:

10    1)    Inconsistent or varying adjudications with respect to

11    individual members of the FCRA CLASS which would

12    establish incompatible standards of conduct for the parties

13    opposing the FCRA CLASS; and/or,

14    2)    Adjudication with respect to individual members of the FCRA

15    CLASS which would as a practical matter be dispositive of

16    interests of the other members not party to the adjudication or

17    substantially impair or impede their ability to protect their

18    interests.

19    (b)    The parties opposing the FCRA CLASS have acted or refused to act

20    on grounds generally applicable to the FCRA CLASS, making

21    appropriate class-wide relief with respect to the FCRA CLASS as a

22    whole;

23    (c)    Common questions of law and fact exist as to the members of the

24    FCRA CLASS, with respect to the practices and violations of the

25    FCRA as listed above, and predominate over any question affecting

26    only individual FCRA CLASS Members, and a Class Action is

27    superior to other available methods for the fair and efficient

28    adjudication of the controversy, including consideration of:

1)   The interests of the members of the FCRA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual FCRA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.   Inconsistent or varying adjudications with respect to individual members of the FCRA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

   B.   Adjudications with respect to individual members of the FCRA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of employment litigation because as a practical matter a substantial number of individual FCRA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary

duplicative litigation that is likely to result in the absence of certification of this Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

35.     This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)     The questions of law and fact common to the FCRA CLASS predominate over any question affecting only individual FCRA CLASS Members because DEFENDANT's employment practices were uniform and systematically applied with respect to the FCRA CLASS;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the FCRA CLASS because in the context of employment litigation a substantial number of individual FCRA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)     The members of the FCRA CLASS are so numerous that it is impractical to bring all members of the FCRA CLASS before the Court;

(d)     PLAINTIFF, and the other FCRA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of statutory violations and other improprieties, and in obtaining adequate compensation for the injuries which DEFENDANT's actions have inflicted upon the FCRA CLASS;

(f)     There is a community of interest in ensuring that the combined assets

of DEFENDANT are sufficient to adequately compensate the members of the FCRA CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the FCRA CLASS, thereby making final class-wide relief appropriate with respect to the FCRA CLASS as a whole;

(h)   The members of the FCRA CLASS are readily ascertainable from the business records of DEFENDANT.  The FCRA CLASS consists of all employees or prospective employees of DEFENDANT in the United States who executed DEFENDANT's standard FCRA disclosure form that included a liability release clause allowing DEFENDANT to obtain a consumer  report during the FCRA CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all FCRA claims arising out of the conduct of DEFENDANT as to the members of the FCRA CLASS.

36.   DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA CLASS

37.   PLAINTIFF brings the Third Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by

DEFENDANT as Truck Drivers in California (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date of the filing of this Complaint (the "CALIFORNIA CLASS PERIOD"). To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

38.    The California Legislature has commanded that "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays",  and further that "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." (Lab. Code § 204 and § 510(a).)  The Industrial Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions from the requirement that an overtime rate of compensation be paid... ...for executive, administrative, and professional employees, provided [inter alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and] customarily and regularly exercises discretion and independent judgment in performing those duties..." (Lab. Code § 510(a).)  Neither the PLAINTIFF nor the other members of the CALIFORNIA CLASS qualify for exemption from the above requirements.

39.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid all wages due to them and premiums due to them for missed meal and rest breaks as required by California law.  DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member was provided an off duty meal and/or rest period and was paid  a premium if these employees missed their meal and/or ret period  as required by law.  This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a

class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages, and reliance are not elements of this claim.

40.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

41.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

(a)    Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly and systematically failed to record and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, including overtime worked by these employees;

(b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFF and the other members of the CALIFORNIA CLASS with the legally required uninterrupted meal and rest breaks;

(c)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(d)    Violating The Fair Credit Reporting Act 15 U.S.C. § 1681, *et seq.*, by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly obtained credit reports on prospective employees without first obtaining valid authorization consent forms.

42.    This Class Action meets the statutory prerequisites for the maintenance of a Class

1    Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

2          (a)   The persons who comprise the CALIFORNIA CLASS are so numerous

3                that the joinder of all CALIFORNIA CLASS Members is impracticable

4                and the disposition of their claims as a class will benefit the parties and the

5                Court;

6          (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues

7                that are raised in this Complaint are common to the CALIFORNIA

8                CLASS will apply uniformly to every member of the CALIFORNIA

9                CLASS;

10         (c)   The claims of the representative PLAINTIFF are typical of the claims of

11               each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

12               other members of the CALIFORNIA CLASS, was a Truck Driver and was

13               subjected to DEFENDANT's deceptive practice and policy as described

14               herein.   PLAINTIFF sustained economic injury as a result of

15               DEFENDANT's employment practices. PLAINTIFF and the members of

16               the CALIFORNIA CLASS were and are similarly or identically harmed

17               by the same unlawful, deceptive, unfair and pervasive pattern of

18               misconduct engaged in by DEFENDANT; and,

19         (d)   The representative PLAINTIFF will fairly and adequately represent and

20               protect the interest of the CALIFORNIA CLASS, and has retained counsel

21               who are competent and experienced in Class Action litigation.  There are

22               no material conflicts between the claims of the representative PLAINTIFF

23               and the members of the CALIFORNIA CLASS that would make class

24               certification inappropriate.  Counsel for the CALIFORNIA CLASS will

25               vigorously assert the claims of all CALIFORNIA CLASS Members.

26    43.   In addition to meeting the statutory prerequisites to a Class Action, this action is

27    properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

28         (a)   Without class certification and determination of declaratory, injunctive,

CLASS ACTION COMPLAINT
-18-

statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay wages due. Including wages due for overtime worked by the members of the CALIFORNIA CLASS as required by law;

1)   With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of

California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

    A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

44.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniformly and systematically applied with respect to the CALIFORNIA CLASS;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon

the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

45.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

46.     PLAINTIFF further brings the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT as Truck Drivers in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date of the filing of this Complaint (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

47.     DEFENDANT maintains records from which the Court can ascertain and identify

by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

48. The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

49. Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a) Whether DEFENDANT unlawfully failed to correctly calculate and pay all minimum and overtime wage compensation due to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order

(b) Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c) Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with legally required uninterrupted thirty (30) minute meal breaks and rest periods;

(d) Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS reimbursement for all necessary business expenses incurred on DEFENDANT's behalf;

(e) Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(f) The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(g) Whether DEFENDANT's conduct was willful.

50. DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)   Violating Cal. Lab. Code §§ 510, *et seq*., by failing to correctly pay the PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)   Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to accurately pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)   Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required rest breaks;

(d)   Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties;

(e)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable overtime rates in effect during the pay period and the corresponding amount of time worked at each overtime rate by the employee; and,

(f)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment.

51.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all the other members of the CALIFORNIA LABOR SUB-CLASS, was a Truck Driver and was subjected to DEFENDANT's deceptive practice and policy as described herein. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

52.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, injunctive,

statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

    1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

    2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay wages due for overtime worked by the members of the CALIFORNIA LABOR SUB-CLASS as required by law;

(c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

    1)    The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of

separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

53.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

   (a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

   (b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

   (c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

   (d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

   (e) There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

   (f) There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

   (g) DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

1   CLASS as a whole;

2   (h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily
3         ascertainable from the business records of DEFENDAN; and,

4   (i)   Class treatment provides manageable judicial treatment calculated to bring
5         an efficient and rapid conclusion to all litigation of all wage and hour
6         related claims arising out of the conduct of DEFENDANT as to the
7         members of the CALIFORNIA LABOR SUB-CLASS.

8

9                            **JURISDICTION AND VENUE**

10      54.    This Court has jurisdiction over PLAINTIFF's federal claims pursuant to 28
11   U.S.C. § 1331(a) and 15 U.S.C. 1681p of the FCRA, codified at 15 U.S.C. § 1681, *et seq.*

12      55.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i)
13   DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this
14   District; (ii) DEFENDANT maintains offices and facilities in this District; and, (iii)
15   DEFENDANT committed the wrongful conduct against members of the CLASS, including
16   the PLAINTIFF in this District.

17

18                           **FIRST CAUSE OF ACTION**

19      **For Failure to Make Proper Disclosure in Violation of the FCRA**

20            **[15 U.S.C. § 1681b(b)(2)(A)(I), *et seq*.]**

21      **(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

22      56.    PLAINTIFF, and the other members of the FCRA CLASS, reallege and
23   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this
24   Complaint.

25      57.    DEFENDANT violated 15 U.S.C. § 1681b(b)(2)(A)(I) of the FCRA by including
26   a liability release clause in DEFENDANT's background check disclosure and authorization
27   form that PLAINTIFF and other FCRA CLASS Members were required to execute as a
28   condition of employment with DEFENDANT.

58. The violations of the FCRA were willful. DEFENDANT knew that its background check disclosure and authorization form should not include extraneous information that is prohibited by the FCRA, and acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(I).

59. PLAINTIFF and the other FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

60. PLAINTIFF and FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

61. PLAINTIFF and FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION

**For Failure to Obtain Proper Authorization in Violations of the FCRA**

**[15 U.S.C. § 1681b(b)(2)(A)(ii)]**

**(By PLAINTIFF and the FCRA CLASS and Against All Defendants)**

62. PLAINTIFF, and the other members of the FCRA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

63. DEFENDANT violated the FCRA by procuring consumer reports relating to PLAINTIFF and other FCRA CLASS Members without proper authorization as alleged herein. See 15 U.S.C. § 1681b(b)(2)(A)(ii).

64. The violations of the FCRA were willful. DEFENDANT acted in deliberate disregard of its obligations and the rights of PLAINTIFF and other FCRA CLASS Members under 15 U.S.C. § 1681b(b)(2)(A)(ii).

65. PLAINTIFF and the FCRA CLASS Members are entitled to statutory damages of not less than $100 and not more than $1,000 for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

66.    PLAINTIFF and the FCRA CLASS Members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. § 1681n(a)(2).

67.    PLAINTIFF and the FCRA CLASS Members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## THIRD CAUSE OF ACTION

### For Unlawful Business Practices

### [Cal. Bus. And Prof. Code §§  17200, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)

68.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

69.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

70.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

71.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 226.7, 510, 512, 558, 1194, 1197, 1197.1, 1198 and 2802,

1   for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. &
2   Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute
3   unfair competition, including restitution of wages wrongfully withheld.

4      72. By the conduct alleged herein, DEFENDANT's practices were unlawful and
5   unfair in that these practices violate public policy, were immoral, unethical, oppressive,
6   unscrupulous or substantially injurious to employees, and were without valid justification or
7   utility for which this Court should issue equitable and injunctive relief pursuant to Section
8   17203 of the California Business & Professions Code, including restitution of wages wrongfully
9   withheld.

10      73. By the conduct alleged herein, DEFENDANT's practices were deceptive and
11   fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and
12   other members of the CALIFORNIA CLASS, all wages due to them and premiums for their
13   missed meal and rest periods, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare
14   Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this
15   Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203,
16   including restitution of wages wrongfully withheld.

17      74. By the conduct alleged herein, DEFENDANT's practices were also unlawful,
18   unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the
19   other members of the CALIFORNIA CLASS to be underpaid during their employment with
20   DEFENDANT.

21      75. By the conduct alleged herein, DEFENDANT's practices were also unlawful,
22   unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed
23   to provide legally required uninterrupted meal breaks to PLAINTIFF and the other members of
24   the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

25      76. Therefore, PLAINTIFF demands on behalf of himself and on behalf of
26   each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-
27   duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour
28   of pay for each workday in which a second off-duty meal period was not timely provided for

1   each ten (10) hours of work.

2       77.   PLAINTIFF further demands on behalf of himself and on behalf of each

3   CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period

4   was not timely provided and/or paid as required by law.

5       78.   By and through the unlawful and unfair business practices described herein,

6   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

7   other members of the CALIFORNIA CLASS, including earned wages for time worked,

8   including overtime worked, and has deprived them of valuable rights and benefits guaranteed

9   by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT

10  so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

11      79.   All the acts described herein as violations of, among other things, the Industrial

12  Welfare Commission Wage Orders, the California Code of Regulations, and the California

13  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

14  oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

15  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

16      80.   PLAINTIFF and the other members of the CALIFORNIA CLASS were further

17  entitled to, and do, seek a declaration that the described business practices were unlawful, unfair

18  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

19  engaging in any unlawful and unfair business practices in the future.

20      81.   PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

21  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

22  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

23  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

24  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

25  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

26  engage in these unlawful and unfair business practices.

27  ///

28  ///

**FOURTH CAUSE OF ACTION**

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

82.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

83.    During the CALIFORNIA CLASS PERIOD, DEFENDANT failed to provide all the legally required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and Labor Code.  The nature of the work performed by PLAINTIFF and CALIFORNIA LABOR SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their duties for the legally required off-duty meal periods.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were often not fully relieved of duty by DEFENDANT for their meal periods.  Additionally, DEFENDANT's failure to provide PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business records. As a result, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice.

84.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members who were not provided a meal period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

85.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

1  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of
2  suit.

3

4                            **FIFTH CAUSE OF ACTION**

5                     **For Failure to Provide Required Rest Periods**

6                           **[Cal. Lab. Code §§ 226.7 & 512 ]**

7        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

8                                    **Defendants)**

9        86.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,
10  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs
11  of this Complaint.

12       87.    PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were
13  required to work in excess of four (4) hours without being provided ten (10) minute rest periods.
14  Further, these employees were denied their first rest periods of at least ten (10) minutes for some
15  shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten
16  (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second
17  and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or
18  more.  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were also not
19  provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules,
20  PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members were periodically
21  denied their proper rest periods by DEFENDANT and DEFENDANT's managers.
22  Additionally, because of DEFENDANT's compensation pay plan described herein,
23  DEFENDANT failed to compensate PLAINTIFF and CALIFORNIA LABOR SUB-CLASS
24  Members for their rest periods as required by the applicable Wage Order and Labor Code.
25  DEFENDANT did not have a policy or practice which paid for off-duty rest periods to
26  PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS Members.

27       88.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable
28  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA LABOR SUB-

CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

89.    As a proximate result of the aforementioned violations, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

90.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

91.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

92.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

93.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

94.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

95.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they work.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

96.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denies accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

97.    In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

98.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

99.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

100.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

101.   DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

102.   In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

103.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

///

///

## SEVENTH CAUSE OF ACTION

### For Failure To Pay Overtime Compensation

### [Cal. Lab. Code §§ 510, *et seq.*]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

104. PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior paragraphs of this Complaint.

105. PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

106. Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

107. Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

108. Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

109. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and CALIFORNIA LABOR SUB-CLASS Members were required by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

110. DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

result of implementing a uniform policy and practice that failed to accurately record overtime worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime worked, including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

111.    In committing these violations of the California Labor Code, DEFENDANT inaccurately recorded overtime worked and consequently underpaid the overtime worked by PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members.  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

112.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein, the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive full compensation for overtime worked.

113.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt from the overtime requirements of the law.  None of these exemptions are applicable to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were not subject to a valid collective bargaining agreement that would preclude the causes of action contained herein this Complaint.  Rather, PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations of non-negotiable, non-waiveable rights provided by the State of California.

114.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for overtime worked that they are entitled to, constituting a failure to pay all earned wages..

115.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which

was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,
1194 & 1198, even though PLAINTIFF and the other members of the CALIFORNIA LABOR
SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT
failed to accurately record and pay as evidenced by DEFENDANT's business records and
witnessed by employees.

116.   By virtue of DEFENDANT's unlawful failure to accurately pay all earned
compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-
CLASS for the true amount of time they worked, PLAINTIFF and the other members of the
CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
injury in amounts which are presently unknown to them and which will be ascertained
according to proof at trial.

117.   DEFENDANT knew or should have known that PLAINTIFF and the other
members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime
worked. DEFENDANT systematically elected, either through intentional malfeasance or gross
nonfeasance, to not pay employees for their labor as a matter of uniform company policy,
practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to
pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for
overtime worked.

118.   In performing the acts and practices herein alleged in violation of California labor
laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
all overtime worked and provide them with the requisite overtime compensation, DEFENDANT
acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and
the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter
disregard for their legal rights, or the consequences to them, and with the despicable intent of
depriving them of their property and legal rights, and otherwise causing them injury in order to
increase company profits at the expense of these employees.

119.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
therefore request recovery of all overtime wages, according to proof, interest, statutory costs,

as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

## EIGHTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

120.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

121.    Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee

1    may be aggregated and shown as one item,

2    (5) net wages earned,

3    (6) the inclusive dates of the period for which the employee is paid,

4    (7) the name of the employee and her or her social security number, except that by

5    January 1, 2008, only the last four digits of her or her social security number or an

6    employee identification number other than a social security number may be shown on

7    the itemized statement,

8    (8) the name and address of the legal entity that is the employer, and

9    (9) all applicable hourly rates in effect during the pay period and the corresponding

10   number of hours worked at each hourly rate by the employee.

11   122.   When PLAINTIFF and other CALIFORNIA CLASS Members were not

12   compensated for all wages due to them and for their missed meal and rest breaks,

13   DEFENDANT also failed to provide PLAINTIFF and the other members of the CALIFORNIA

14   CLASS with complete and accurate wage statements.  Cal. Lab. Code § 226 provides that every

15   employer shall furnish each of his or her employees with an accurate itemized wage statement

16   in writing showing, among other things, gross wages earned and all applicable hourly rates in

17   effect during the pay period and the corresponding amount of time worked at each hourly rate.

18   As a result, DEFENDANT provided PLAINTIFF and the other members of the CALIFORNIA

19   CLASS with wage statements which violate Cal. Lab. Code § 226.  Aside, from the violations

20   listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage

21   statement that lists all the requirements under California Labor Code 226 *et seq.*

22   123.   DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code

23   § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA

24   LABOR SUB-CLASS.   These damages include, but are not limited to, costs expended

25   calculating the correct rates for the overtime hours worked and the amount of employment taxes

26   which were not properly paid to state and federal tax authorities.   These damages are difficult

27   to estimate.   Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR

28   SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay

1   period in which the violation occurred, and one hundred dollars ($100.00) for each violation in

2   a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at

3   the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF

4   and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

5

6                                    **NINTH CAUSE OF ACTION**

7                      **For Failure to Reimburse Employees for Required Expenses**

8                                      **[Cal. Lab. Code § 2802]**

9         **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

10                                             **Defendants)**

11        124.    PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members

12   reallege and incorporate by this reference, as though fully set forth herein, the prior

13   paragraphs of this Complaint.

14        125.    Cal. Lab. Code § 2802 provides, in relevant part, that:

15        An employer shall indemnify his or her employee for all necessary
          expenditures or losses incurred by the employee in direct consequence of the
16        discharge of his or her duties, or of his or her obedience to the directions of the
          employer, even though unlawful, unless the employee, at the time of obeying
17        the directions, believed them to be unlawful.

18        126.    DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and

19   reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required

20   expenses incurred in the discharge of their job duties for DEFENDANT's benefit.

21   Specifically, DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA

22   LABOR SUB-CLASS members for expenses which included, but were not limited to, costs

23   related to using their personal cellular phones all on behalf of and for the benefit of

24   DEFENDANT.  DEFENDANT's uniform policy, practice and procedure was to not

25   reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses

26   resulting from using their personal cellular phones for DEFENDANT within the course and

27   scope of their employment for DEFENDANT.  These expenses were necessary to complete

28   their principal job duties. DEFENDANT is estopped  by DEFENDANT's conduct to assert

1   any waiver of this expectation.  Although these expenses were necessary expenses incurred

2   by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT

3   failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-

4   CLASS members for these expenses as an employer is required to do under the laws and

5   regulations of California.

6        127.   PLAINTIFF therefore demands reimbursement for expenditures or losses

7   incurred by him and the CALIFORNIA LABOR SUB-CLASS members in the discharge of

8   their  job duties for DEFENDANT, or their obedience to the directions of DEFENDANT,

9   with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

### TENTH CAUSE OF ACTION

**For Failure to Pay Wages When Due**

**[ Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

16        128.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS,

17   reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of

18   this Complaint.

19        129.   Cal. Lab. Code § 200 provides, in relevant part, that:
     As used in this article:
     (a) "Wages" includes all amounts for labor performed by employees of every
     description, whether the amount is fixed or ascertained by the standard of time,
     task, piece, Commission basis, or other method of calculation.
     (b) "Labor" includes labor, work, or service whether rendered or performed under
     contract, subcontract, partnership, station plan, or other agreement if the labor to
     be paid for is performed personally by the person demanding payment.

23        106.   Cal. Lab. Code § 201 provides, in relevant part, "that if an employer discharges

24   an employee, the wages earned and unpaid at the time of discharge are due and payable

25   immediately."

26        107.   Cal. Lab. Code § 202 provides, in relevant part, that:

27        If an employee not having a written contract for a definite period quits his or her
     employment, his or her wages shall become due and payable not later than 72
28        hours thereafter, unless the employee has given 72 hours previous notice of his or

her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

108.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

109.    Cal. Lab. Code § 203 provides, in relevant part, that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

110.    The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members has terminated and DEFENDANT has not tendered payment of all wages owed as required by law.

111.    Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the FCRA CLASS:

A)    That the Court certify the First and Second Cause of Action asserted by the FCRA CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)    A determination and judgment that DEFENDANT willfully violated the 15 U.S.C.

§ 1681(b)(2)(A)(I) and(ii) of the FCRA by failing improperly including liability release language in its background check disclosure and authorization form and by obtaining consumer reports on PLAINTIFF and FCRA CLASS Members without having proper authorization to do so;

C)   Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages to PLAINTIFF and the members of the FCRA CLASS in an amount equal to $1,000 for PLAINTIFF and each FCRA CLASS Member for DEFENDANT's willful violation of the FCRA;

D)   Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to PLAINTIFF and other FCRA CLASS Members;

E)   An award for costs of suit and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

F)   Such other and further relief as the Court deems just and equitable.

2.   On behalf of the CALIFORNIA CLASS:

A)   That the Court certify the Third Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)   An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

3.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

A)   That the Court certify the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)    Compensatory damages, according to proof at trial, including compensatory damages for minimum and overtime compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

C)    Meal and rest period compensation pursuant to California Labor Code Section 226.7 and the applicable IWC Wage Order;

D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226;

E)    The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit; and,

F)    The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

4.    On all claims:

A)    An award of interest, including prejudgment interest at the legal rate;

B)    Such other and further relief as the Court deems just and equitable; and,

///
///
///
///
///
///
///

1          C)      An award of penalties, attorneys' fees and cost of suit, as allowable under the law,

2                 including, but not limited to, pursuant to Labor Code §218.5, §226, and/or §1194.

3

4  Dated: September 29, 2017         **BLUMENTHAL,NORDREHAUG & BHOWMIK LLP**

5                      By:    */s/ Norman B. Blumenthal*

6                           Norman B. Blumenthal
                            Attorneys for Plaintiff

7

8                   **LAW OFFICES OF MAURO FIORE, JR., A.P.C.**
                     Mauro Fiore, Jr. (State Bar #196857)

9                    Sergio J. Puche (State Bar #289437)
                     136 E. Lemon Ave.

10                   Monrovia, CA 91016
                     Telephone: (626) 856-5856

11                   Facsimile: (626) 386-5520

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR A JURY TRIAL

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4

Dated: September 29, 2017          **BLUMENTHAL,NORDREHAUG & BHOWMIK LLP**

5

By:    */s/ Norman B. Blumenthal*

6

Norman B. Blumenthal
Attorneys for Plaintiff

7

8

**LAW OFFICES OF MAURO FIORE, JR., A.P.C.**
Mauro Fiore, Jr. (State Bar #196857)
Sergio J. Puche (State Bar #289437)

9

136 E. Lemon Ave.
Monrovia, CA 91016

10

Telephone: (626) 856-5856
Facsimile: (626) 386-5520

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28